IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON


**UNITED STATES OF AMERICA,**           3:19-cr-00156-BR

         **Plaintiff,**                 OPINION AND ORDER


**v.**

**GEORGE NICOLAE ONICESCU,**

         **Defendant.**


**SCOTT ASPHAUG**
Acting United States Attorney
**AMY E. POTTER**
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6771

         Attorneys for Plaintiff

**LISA HAY**
Federal Public Defender
**SUSAN RUSSELL**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

         Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant George Nicolae Onicescu's Motion (#126) for A Sentence Reduction Under 18 U.S.C. § 3583(c)(1)(A) and the Cares Act. The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 19, 2019, Defendant and three codefendants were charged in a Second Superseding Indictment with one count of Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. § 1349; one count of Counterfeit Access Device Fraud in violation of 18 U.S.C. §§ 1029(a)(1), (c)(1)(a)(i); one count of Illegal Possession of Device-Making Equipment in violation of 18 U.S.C. §§ 1029(a)(4), (c)(1)(a)(ii); five counts of Bank Fraud in violation of 18 U.S.C. §§ 1344; and five counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

The government describes the criminal conduct underlying the Second Superseding Indictment as follows:

> Defendant Onicescu and his co-conspirators installed sophisticated skimming devices on point of sale machines at various retailers to steal bank account information. They then used that information to create counterfeit access devices that they used to steal money from victims' accounts. In sum, defendant and others stole

> identity information that they used to steal money
> for their own benefit.
>
> Defendant was ultimately charged based on his
> involvement in the scheme to install skimmers on
> three different ATMs and the related use of
> various victims' stolen account information.

Gov't Resp. to Def.'s Mot. for A Sentence Reduction at 1-2.

On October 19, 2020, Defendant pled guilty pursuant to a Plea Agreement to the count of Conspiracy to Commit Bank Fraud and to one count of Aggravated Identity Theft.

On December 14, 2020, the Court sentenced Defendant to a 48-month term of imprisonment and five years of supervised release.

On February 25, 2021, Defendant filed a *Pro Se* Motion (#126) for A Sentence Reduction Under 18 U.S.C. § 3583(c)(1)(A)(i) and the Cares Act.

On March 24, 2021, the Court appointed counsel to represent Defendant. The Court took Defendant's Motion under advisement on May 7, 2021.

## DISCUSSION

Defendant is currently housed at FCI Sheridan and has a projected release date of October 15, 2022. Defendant moves for an order reducing his sentence to time served on the grounds that he suffers from a serious medical condition and that he will not be a danger to the community.

**I.  FSA Compassionate-Release Standards**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting 18 U.S.C. § 3582(b)). Compassionate release is an exception in extraordinary cases.

"For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, [FSA] Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction directly from the court." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *2 (9th Cir. Apr. 8, 2021). Specifically, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to provide:

> [T]he court . . . *upon motion of the defendant* after the defendant has fully exhausted all administrative [remedies] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

FSA, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

4 - OPINION AND ORDER

Congress, however, did not provide any "statutory definition of 'extraordinary and compelling reasons.' Instead, Congress stated . . . the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *Aruda*, 2021 WL 1307884, at \*3.

Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 sets out the Sentencing Commission's policy statement regarding "[r]eduction[s] in [t]erm[s] of [i]mprisonment Under 18 U.S.C. § 3582(c)(1)(A)" as follows:

> 1. Extraordinary and Compelling Reasons.-
> . . . extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> \* \* \*
>
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> >
> > \* \* \*
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.

That policy statement also requires the court to consider whether the defendant is "a danger to the safety of any other person or

to the community, as provided in 18 U.S.C. § 3142(g)" when a defendant satisfies the requirements of § 1B1.13(1). U.S.S.G. § 1B1.13(2). The Sentencing Commission, however, "has not updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A). The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A)." *Aruda*, 2021 WL 1307884, at *3.

After the FSA amended § 3582(c)(1)(A) district courts across the country were split on whether § 1B1.13(1) was an "applicable policy statement[] issued by the Sentencing Commission" as to motions for compassionate release filed by defendants rather than by the BOP. The Ninth Circuit addressed this split in *Aruda*:

> (1) the text of § 3582(c)(1)(A) . . . only requires courts to consider "applicable" policy statements by the Sentencing Commission; (2) the text of U.S.S.G. § 1B1.13, . . . begins "[u]pon motion of the Director of the Bureau of Prisons"; (3) the text of Application Note 4 to § 1B1.13, . . . states . . . "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of Application Note 1(D) to § 1B1.13, . . . is a catch-all provision allowing only the "Director of the Bureau of Prisons" to determine "other" extraordinary and compelling reasons; and (5) the legislative history of the First Step Act's compassionate-release amendment . . . sought to expand and expedite compassionate-release motions because they had seldom been brought by the BOP.

*Aruda*, 2021 WL 1307884, at *4 (citations omitted). Ultimately the Ninth Circuit concluded "the Sentencing Commission has not

6 - OPINION AND ORDER

yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant," and, therefore, "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id*. The Ninth Circuit, however, concluded the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Pursuant to *Aruda* this Court concludes the policy statement in U.S.S.G. § 1B1.13 is merely advisory rather than mandatory in the context of motions for compassionate release brought pursuant to § 3582(c)(1)(A) by defendants rather than by the BOP. This Court, therefore, will only consider the criteria set out in § 1B1.13 as advisory when evaluating Defendant's Motion for Compassionate Release.

**II. The Court's Authority to Modify Defendant's Sentence**

As noted, "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon*, 560 U.S. at 824-25 (quoting 18 U.S.C. § 3582(b)). *See also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)(courts generally may not correct or modify a prison sentence after it has been imposed unless expressly

7 - OPINION AND ORDER

permitted by statute or by Federal Rule of Criminal Procedure 35). As also noted, the FSA provides a limited exception for courts to modify a final judgment of conviction "upon motion of . . . the defendant after the defendant has fully exhausted all administrative [remedies]." 18 U.S.C. § 3582(c)(1)(A).

The parties agree Defendant has exhausted his administrative remedies because on December 29, 2020, he submitted a request for compassionate release to the Warden of FCI Sheridan and the Warden has not responded.

The Court also concludes on this record that it has the authority to decide Defendant's Motion pursuant to the FSA.

### III. Defendant's Medical Condition

Defendant asserts he has a serious medical condition within the meaning of U.S.S.G. § 1B1.13(1)(A).

As noted, an extraordinary or compelling reason for compassionate release exists when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note to U.S.S.G. § 1B1.13(1)(A).

Defendant notes there have been confirmed cases of COVID-19 at FCI Sheridan. Defendant asserts he falls into the category of inmates who are at a heightened risk of serious illness from

8 - OPINION AND ORDER

COVID-19 even though he is only 27 years old because he has asthma and "an extensive history of smoking." Def.'s Reply at 7.

The government does not dispute there have been confirmed cases of COVID-19 at FCI Sheridan in the past, but there were not any confirmed cases of COVID among inmates as of May 17, 2021. *See* https://www.bop.gov/coronavirus/. The government also notes Defendant's Bureau of Prison (BOP) medical record does not reflect Defendant has asthma. Specifically, Defendant's medical record does not contain any diagnosis of asthma, prescription of asthma medication, or indication by Defendant that he suffers from asthma. Finally, the government points out that Defendant does not allege nor does the record reflect he suffers from moderate-to-severe asthma, and, therefore, Defendant's health condition does not satisfy the extraordinary and compelling standard for compassionate release.

The Ninth Circuit has not addressed whether an individual who has less than moderate-to-severe asthma satisfies the extraordinary and compelling standard. Judges in this District as well as other district courts in the Ninth Circuit, however, have held inmates with less than moderate-to-severe asthma have not established they are "subject to a serious or unrecoverable condition that substantially diminishes [their] ability to provide self-care within a BOP facility" or that their condition constitutes extraordinary and compelling reasons for

compassionate release.  *See, e.g., United States v. Griffiths*, No. 3:18- CR-00397-JO, 2021 WL 1723651, at *3 (D. Or. Apr. 30, 2021)("Griffiths has not made the necessary showing that 'extraordinary and compelling reasons' justify compassionate release.  At 32 years old, Griffiths's age does not put him in the category of people who are more likely to get severely ill from COVID-19.  People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 30, 2021).  And Griffiths does not allege that his asthma is moderate to severe, which could make him more likely to get severely ill from COVID-19."); *United States v. McGregor*, No. 6:18-CR-00490-AA, 2021 WL 142284, at *2 (D. Or. Jan. 15, 2021)(denying the 35-year-old defendant's motion for compassionate release on the ground that the defendant's medical conditions, including asthma, are well-controlled); *United States v. Wesson*, No. 2:19-CR-00051-TLN, 2021 WL 1600319, at *2 (E.D. Cal. Apr. 23, 2021)("Although BOP medical records . . . confirm that Defendant [age 37] suffers from asthma, there is no indication as to whether Defendant's asthma is 'moderate to severe[,]' . . . [and, therefore,] Defendant has not shown that he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility."); *United States v. Hernandez*, No. CR14-5105 BHS,

10 - OPINION AND ORDER

2021 WL 1313173, at *4 (W.D. Wash. Apr. 8, 2021)("The CDC recognizes that chronic lung conditions, such as asthma if it is moderate to severe, can increase the risk of severe illness from COVID-19. But Hernandez's alleged asthma does not rise to that level. Furthermore, Hernandez is 35 years old, lessening his risk of severe illness. . . . Hernandez has thus not established extraordinary and compelling reasons warranting compassionate release."); *United States v. Decano*, No. CR 07-00608 HG, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021)(denying the defendant's motion for compassionate release noting "review of Defendant's medical records demonstrates there has been no diagnosis of moderate or severe asthma that would support his immediate release. As of June 1, 2020, Defendant's asthma was determined to be controlled."); *United States v. Collins*, No. 19-CR-397-GPC, 2021 WL 961645, at *3 (S.D. Cal. Mar. 15, 2021)("The Court finds that Collins has not demonstrated he suffers from a medical condition that renders him at higher risk for severe illness were he to contract the coronavirus. Moderate-to-severe asthma is identified by the Centers for Disease Control and Prevention (CDC) as a condition that might increase the risk of severe injury for those who contract COVID-19. . . . But Collins's medical records do not reflect he receives any treatment for his asthma, suggesting that the condition is not moderate or severe."); *United States v. Williams*, No. CR1701279001PHXDLR,

11 - OPINION AND ORDER

2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021)(denying the defendant's motion for compassionate release noting "Defendant's other . . . health conditions fall short of being placed in even the 'might be at increased risk' category.  Although severe to moderate asthma might lead to an increased risk, Defendant's medical records indicate that his asthma is neither moderate nor severe.").  Moreover, the CDC recently revised its guidelines and moved individuals with asthma from the category "are at increased risk" to the lower tier of "might be at increased risk."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

In addition, judges in this District have concluded a history of smoking in combination with other health conditions does not establish an extraordinary and compelling reason justifying compassionate release.  *See, e.g., United States v. Coilton*, No. 1:18-CR-00338-MC, 2021 WL 1197748, at *2 (D. Or. Mar. 29, 2021)(denying motion for compassionate release filed by a 25-year old inmate with obesity, asthma, and a history of smoking); *United States v. Benham*, No. 3:19-CR-00146-HZ-1, 2021 WL 1147145, at *2 (D. Or. Mar. 25, 2021)(denying motion for compassionate release of a 55-year old inmate with "past latent tuberculosis infection, seizures, hypertension, Hepatitis C, bipolar disorder, gastroesophageal reflux disease with gastritis, pancreatitis," and a history of smoking and IV drug use); *United*

*States v. Mata*, No. 3:15-CR-00044-JO-15, 2021 WL 851876, at *2 (D. Or. Mar. 5, 2021)(finding the defendant's "20-year history of smoking is of concern," but noting the defendant "is asymptomatic.  He has not complained of any respiratory issues relating to his smoking history and presumably he has not smoked since entering the prison system in 2016."  Accordingly, the defendant's history of smoking in combination with his other medical conditions has "not substantially diminished his 'ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.'  U.S.S.G. § 1B1.13(ii).  Thus, Mata has not carried his burden to demonstrate extraordinary or compelling reasons justifying his compassionate release.").

Here Defendant is not in the age group that is considered to be at increased risk of severe illness from COVID-19.  In addition, the Court finds the above cases regarding less than moderate-to-severe asthma and a history of smoking to be persuasive and adopts their reasoning.  Accordingly, on this record the Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release exists in this case.  The Court, therefore, **DENIES** Defendant's Motion For Compassionate Release.

Because the Court has concluded Defendant has not established he suffers from a sufficiently serious medical

13 - OPINION AND ORDER

condition, the Court does not address whether Defendant would be a danger to the community if he were released.  The Court, however, notes the sophistication and extent of the crimes to which Defendant pled guilty and the fact that he has prior criminal charges in France for similar conduct would weigh heavily in considering whether Defendant would be a danger the community.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#126) for A Sentence Reduction Under 18 U.S.C. § 3583(c)(1)(A) and Cares Act.

IT IS SO ORDERED.

DATED this 18th day of May, 2021.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge